**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**
========================================

**IN RE:**


**HORIZON GROUP OF NEW ENGLAND, INC.,**              **Bk. No. 07-11394**
                                                     **Chapter 11**

                                        **Debtor.**
========================================

## OBJECTIONS TO CLAIMS FILED

The debtor, Horizon Group of New England, Inc., by and through its attorneys,

O'Connell & Aronowitz, P.C., respectfully states the following:

1. That the corporation is a debtor-in-possession under Chapter 11 of the Bankruptcy

Code, having filed a bankruptcy application with the Court on the 16th day of May, 2007 and

having been assigned bankruptcy case no. 07-11394. The case is currently pending in the

Northern District of New York.

2. The debtor prepares this application objecting to the claims filed in its proceeding by

24 creditors in the estate listed as follows:

        a.  Churchgate Security

        b.  Fastenal Company

        c.  TD Banknorth NA

        d.  City and County Paving

        e.  Copland Coating

        f.  Division 10 (DTS)

        g.  Crisdel Group

        h.  Doorware, Inc.

        i.  Field Turf USA

j.   Greg Beach Logistics LLC

k.   Hertz Equipment Rental

l.   High Concrete

m.   Kenco

n.   Samco Electric

o.   Structure Builders

p.   Weir Welding

q.   ACS Systems Associates Inc.

r.   Constructive Copy, LLC

s.   EKQ Cleaning Services

t.   Johnny on the Spot

u.   Waste Management

v.   Pitney Bowes

w.   Cecilia D. Padovano and Salvatore Padovano

x.   New York City District Council of Carpenters Benefit Funds

3.   The claims of the above creditors fall into several categories.  The categories are:

    a.   The claim must be reclassified
    b.   The claim was disputed and a proof of claim was not filed
    c.   The claim is objected to based upon the amount of the claim
    d.   Some other basis upon which the claim was objected to

4.   That there are some claims which need to be both reclassified and are objectionable with respect to the amount of the claim.  In such circumstances, those creditors will be listed in both categories.

## CLAIMS WHICH ARE TO BE RECLASSIFIED

5. The claims of Churchgate Security, Kenco and EXQ Cleaners must be reclassified.

6. Churchgate Security filed a claim as a secured claim and as a priority claim in the sum of $170,130.96 as Claim No. 36 (Exhibit "A"). The security claimed by the creditor is a lien status on property which is not property of the estate. Secondly, there is no priority basis which supports the claim which is found within the Bankruptcy Code. Accordingly, the claim of Churchgate Security must be reclassified as unsecured.

7. The claim of Kenco was filed as a secured claim in the sum of $98,987.50 as Claim No. 21 (Exhibit "B"). The security which was claimed was union benefits and *"installed material"*. Once again, the security which is claimed by the creditor is against property which is not property of the estate. As to this estate, the claim of Kenco is unsecured.

8. The claim of EKQ Cleaning Services, Inc. filed in the sum of $13,333.34 as Claim No. 54 (Exhibit "C"). EKQ is a subcontractor providing cleaning services to the debtor. The claim is filed as a priority claim and the priority which is sought is based on wages, salaries or commissions. The creditor had employees which it paid, but none of the employees of EKQ was an employee of the debtor. Accordingly, there is no wage claim priority for this claim and the claim is totally unsecured.

## CLAIMS WHICH ARE DISPUTED AND A PROOF OF CLAIM WAS NOT FILED

9. The claims of the following creditors were listed as disputed:

    a. City and County Paving

    b. Copeland Coating

    c. Division Ten (DTS)

    d. Doorware, Inc.

e. Field Turf USA

f. Greg Beach Logistics, LLC

g. Hertz Equipment Rental

h. High Concrete

i. Samco Electric

j. Structure Builders

k. Weir Welding

10. No claims were filed by the affected creditors when the debtor listed the amounts due to those creditors disputed in amount. The failure of the creditors to file a valid proof of claim when the amount has been disputed by the debtor renders their claims unsound and such claims are not valid and supportable claims upon which distribution can be made. Accordingly, the claims of the above affected creditors in this section must be disallowed.

## CLAIMS WHICH ARE OBJECTED TO BASED UPON THE AMOUNT OF CLAIM

11. This category concerns claims which are sought to be modified or disallowed based upon a disputed amount. These creditors consist of:

a. Churchgate Security

b. Fastenal Company

c. TD Banknorth NA

d. Crisdel Group

e. ACS Systems

f. Constructive Copy, LLC

g. Johnny on the Spot

12. Churchgate Security filed Claim No. 36 in the sum of $170,130.96 (Exhibit "A"). The debtor believes that the creditor is only due the sum of $109,460.72. The debtor, prior to the filing in bankruptcy, set forth for the creditor the billing irregularities in its billing. This was brought to the attention of the creditor prior to the bankruptcy filing. The creditor never adjusted the bill to the amount which is actually due and which is claimed by the debtor. The claim should be reduced to $109,460.72.

13. Fastenal Company filed Claim No. 35 in the sum of $9,609.15 (Exhibit "D"). The debtor disputes the claim and lists the claim in the amount of $6,785.77. The creditor's claim is excessive and the charges and credits exchanged between the debtor and the creditor result in the amount being overstated by the creditor. The claim should be reduced to the sum of $6,785.77.

14. TD Banknorth NA filed Claim No. 55 in the sum of $3,614,960.86 (Exhibit "E"). As part of its claim, it seeks interest to a period of time after the filing of bankruptcy and late fees which are summarized and not particularized. The debtor lists the claim at $3,475,000. Unless and until the creditor amends its claim claiming interest only up to the date of filing (May 16, 2007), and documents its entitlement to late fees in the sum of $172,515, the claim should only be allowed to the extent of $3,475,000.

15. Crisdel Group filed Claim No. 20 (Exhibit "F") in the sum which was set forth in the debtor's schedule as disputed. The reason it was listed as disputed is that Eight thousand eight hundred seventy six & 10/100 ($8,876.10) is a back charge which had been disputed by the debtor. The remainder of the claim ($3,396.90) is for retainage. The claim should be allowed in the amount of the retainage of $3,396.90 and disallowed as to the balance.

16. ACS Systems Associates, Inc. filed Claim No. 30 (Exhibit "G") in the sum of $95,660.78. The debtor listed the amount due to ACS Systems as being in the amount of

$48,300. ACS Systems filed a claim for the entire contract value plus change orders. This was not due and owing as of the date of filing. The amount that was due and owing was the amount billed against that contract as of May 16, 2007. Thus, the claim of ACS Systems should be reduced to the sum of $48,300.

17. Constructive Copy, LLC filed Claim No. 25 (Exhibit "H") in the sum of $7,601.98. The debtor listed the debt in the sum of $6,716. The difference, or $885.98, is for finance charges which the creditor charged after the bankruptcy was filed. The claim of this creditor should be reduced to the sum of $6,716.

18. Johnny on the Spot filed Clam No. 8 (Exhibit "I") in the sum of $655.46. On the books of the debtor, the amount due and owing at the time of filing to the creditor was $436. The claim should be reduced to the amount of $436.

19. Waste Management filed Claim No. 16 (Exhibit "J") in the sum of $5,190.34. On the books of the debtor, the amount due and owing at the time of filing to the creditor was $798. The claim should be reduced to the amount of $798.

## OTHER OBJECTIONABLE CLAIMS

20. Pitney Bowes, Inc. filed Claim No. 83 (Exhibit "K") in the sum of $3,492.62 on October 30, 2008, nearly 45 days following the last date to file claims. This claim should be disallowed as not timely filed.

21. Cecelia D. Padovano and Salvatore Padovano, through their attorney, Lawrence P. Brady, Esq., filed Claim No. 84 (Exhibit "L"), as unliquidated, on November 10, 2008. Based upon the fact that this claim was not timely filed, it should be disallowed.

22. New York District Council of Carpenters Benefits Funds filed Claim No. 74 (Exhibit "M") in the sum of $95,634.49 on October 3, 2007. The claim has been filed late and the amount claimed by the creditor should be disallowed.

**WHEREFORE,** it is respectfully requested that the claims be treated as set forth in the Objections to Claims Filed by the debtor, together with such other and further relief as to the Court may appear just and proper in the premises.

Dated: February 1 , 2009

Richard H. Weiskopf, Esq.
**O'Connell & Aronowitz, PC**
Attorneys for Debtor
Office & P.O. Address
54 State Street – 9th Floor
Albany, NY 12205
(518) 462-5601