# BARBARUOLO LAW FIRM, P.C.
## ATTORNEYS AT LAW

PAULA M. BARBARUOLO*
BARBARA A. WHIPPLE

*ALSO ADMITTED IN CONNECTICUT

CARRIE A. SCHLEGEL, LEGAL ASSISTANT
APRIL BYERWALTERS, LEGAL ASSISTANT
LINDA J. DELMERICO, LEGAL ASSISTANT

October 6, 2009

Via Facsimile and First Class Mail
Hon. Robert E. Littlefield, Jr.
United States Bankruptcy Court
447 Broadway, Suite 330
Albany, NY 12207

       Re:    In Re Horizon Group of New England, Inc.
                Chapter 11; Case No. 07-11394
                Our File No. 384.9299

Dear Judge Littlefield:

       This office has been retained by National Fire Insurance Company, Inc. (NFIC), which issues surety bonds, and is a creditor of the above-referenced debtor. It has come to our attention that the debtor may have entered into an agreement in furtherance of a confirmed plan that provides for an assignment to certain unsecured creditors of a commercial liability policy without the consent of NFIC or its indemnitors. Said assignment negatively impacts the rights of the surety and the indemnitors. We respectfully request that the Court not sign the confirmation Order prior to a section 105 conference so that it can be determined the extent of the impact on NFIC and its indemnitors

       National Fire Insurance Company issued a performance bond to the debtor. On January 10, 2000, the debtor and Dean Robbins III, Camille Robbins, Michael Dawson and Gail E. Dawson (the "Indemnitors") signed a General Agreement of Indemnity ("GAI") in favor of NFIC. Nearly a year later, on January 5, 2001, the debtor Horizon entered into a contract to perform roofing repair work on the Superdome in New Orleans, Louisiana. At the request of the debtor, National Fire provided Performance and Payment Bonds with a modified penal sum of $4,169,590.00. The debtor completed its work on the Superdome on or about February 2002. On August 29, 2005, Hurricane Katrina hit New Orleans and damaged the Superdome Roof. In August 2006, a lawsuit was commenced against the debtor and its surety, National Fire, and other defendants. The debtor then filed a chapter 11 proceeding on May 16, 2007.

       The confirmation of the plan was scheduled for September 23, 2009. On September 24th, NFIC learned that in an attempt to resolve an outstanding objection to confirmation by the plaintiffs in the Louisiana litigation, said Plaintiffs proposed

"settlement" with the debtor, whereby the debtor would assign the proceeds of the insurance policies issued by Lexington Insurance Company and a policy issued by American International Specialty Lines Insurance Company. The Lexington policy is a commercial general liability (CGL) policy. The named insureds on the policy are Horizon Group of New England, Inc., Horizon Roofing & Sheet Metal, Inc., Michael Dawson, Gail Dawson and Dean Robbins, all indemnitors of NFIC under the performance bond.

The debtor's "settlement" and/or assignment of the CGL policy impairs the Surety's equitable subrogation rights. The relationship between a Surety (NFIC) and its Principal (the debtor, the Dawsons and the Robbins) is governed by contract, in this case in the form of a Surety Bond and a General Indemnity Agreement. These contracts provide the Surety with a right of indemnification from its Principal (the debtor and the indemnitors). Thus, to the extent that the Principal may be entitled to defense or indemnity from its CGL carriers, for a claim paid by the Surety, the CGL policies may create a fund to which the Surety has a subrogated interest. The Surety's subrogated interest in payment is not the equivalent of the Surety having insured status under a CGL policy.

The assignment prejudices not only the rights of NFIC but also of the named insureds on the CGL policy, the Dawsons and the Robbins. It is the position of NFIC that the debtor cannot assign that which it does not solely own.

It is respectfully requested that the Court schedule a section 105 conference prior to signing a confirmation Order that includes language assigning the CGL policy limits.

Thank you for your consideration.

Respectfully,
BARBARUOLO LAW FIRM, PC

Paula M. Barbaruolo

PMB\cas

cc: Richard Weiskopf, Esq. (via facsimile)
    Office of the U.S. Trustee (via facsimile)