

Couch White, LLP
540 Broadway
P.O. Box 22222
Albany, New York 12201-2222
(518) 426-4600

Harold D. Gordon
Partner

Telecopier: (518) 320-3493
email: hgordon@couchwhite.com

October 8, 2009

Hon. Robert E. Littlefield, Jr.
United States Bankruptcy Court
447 Broadway, Suite 330
Albany, NY 12207

**RECEIVED**

**OCT 1 3 2009**

OFFICE OF THE BANKRUPTCY JUDGE
ALBANY, NY

Re:   *In Re Horizon Group of New England, Inc.*
      Chapter 11 – Case No. 07-11394

Dear Judge Littlefield:

We represent Michael Dawson, a fifty percent shareholder in the above-referenced debtor corporation, and his wife, Gail Dawson (the "Dawsons"). We are writing to express our objection to the settlement arrangement proposed by the plaintiffs in the case captioned *Louisiana Stadium & Exposition Dist. v. BFS Diversified Prod., LLC, Inc.,* (the "Superdome Plaintiffs"), which is pending in New Orleans Civil District Court (the "Superdome Litigation").

As you are aware, the Superdome Litigation involves a claim for property damage to the Louisiana Superdome caused by Hurricane Katrina. The Superdome Plaintiffs seek damages against the debtor for roofing work it performed on the Superdome. The debtor's work was insured under a Commercial General Liability policy issued by Lexington Insurance Company ("Lexington"). Lexington's policy covers the Dawsons and Dean Robbins, as well as the debtor; each is a named insured thereunder.

The debtor's work on the Superdome was also bonded by a surety known as National Fire Insurance Company of Hartford ("NFIC"). When the Superdome Plaintiffs sued the debtor, they also sued NFIC on the performance bond. The plaintiff's suit alleges that NFIC's liability on the bond flows directly from the debtor's alleged negligence and breach of contract on the Superdome project.

As a condition of the bond, the Dawsons, Dean Robbins, and his wife, Camille Robbins, agreed to indemnify NFIC against claims made on the bond. Relying on the indemnity agreement, NFIC sued the Dawsons and the Robbins to recover NFIC's defense costs in the Superdome Litigation. The case is pending in the Northern District of New York an is captioned *National Fire Insurance v. Michael Dawson, et. al.,* Civil Action No.:

1:09-cv-00401 (the "NFIC Action"). The Dawsons thereafter submitted a claim under Lexington's policy for coverage in the NFIC Action.

We are now advised that the Superdome Plaintiffs have offered to settle their case against the debtor in exchange for an assignment of the full limit of Lexington's policy. We are further advised that Mr. Richard Weiskopf, Esq., the debtor's Court appointed Trustee, supports this settlement arrangement. As discussed above, however, the policy is jointly held with the Dawsons, and Dean Robbins, and any attempted assignment would affect the Dawsons' ownership interest. As such, the Dawsons are interested parties in the proposed settlement.

On behalf of the Dawsons, we object to the proposed settlement insofar as it would exhaust the monies available in Lexington's policy, and thereby prejudice the Dawsons' coverage in the NFIC Action. Furthermore, the debtor is not the sole owner of the policy. It has no right to assign that which it does not solely own.

For the foregoing reasons, we strongly object to the settlement proposal. We are in receipt of a letter from the Barbaruolo Law Firm, P.C., counsel to NFIC, requesting a section 105 conference prior to signing a confirmation Order affecting Lexington's policy. We join in that request and respectfully seek permission to attend the conference.

Please advise as to whether the Court will grant our request. Thank you for your consideration.

Respectfully yours,

COUCH WHITE, LLP

Harold D. Gordon

HDG/sar
cc:  Paula Barbaruolo, Esq.
      Todd Burnham, Esq.
      Richard Weiskopf, Esq.
      Ms. Kim F. Lefebvre, Office of the U.S. Trustee
      Mr. and Mrs. Michael Dawson

J:\DATA\Client8 13601-13900\13680\Corres\Littlefield 10-8-09.doc