**WESTERMAN BALL EDERER MILLER & SHARFSTEIN, LLP**
170 OLD COUNTRY ROAD
MINEOLA, NEW YORK 11501
Telephone: 516.622.9200
Facsimile: 516.622.9212

October 15, 2009

**Via ECF and Facsimile**

Chief Judge Robert E. Littlefield, Jr.
United States Bankruptcy Court
Northern District of New York
James T. Foley - U.S. Courthouse
445 Broadway, Room 509
Albany, NY 12207-2924

  Re: *In re Horizon Group of New England, Inc. ("Debtor")*, Chapter 11
     Case No. 07-11394; Response to Letter dated October 14, 2009 ("Dawson
     Letter") filed on behalf of Michael and Gail Dawson ("Dawsons")

Dear Judge Littlefield:

  We represent Travelers Property Casualty Co. of America and Travelers Excess and Surplus Lines Co. (together, "Travelers"), who, together with the State of Louisiana, Louisiana Stadium & Exposition District, and SMG, are creditors and parties in interest in the referenced case and are referred to as the Superdome Plaintiffs.

  We write in response to the referenced Dawson Letter by which the Dawsons join in the untimely objection of National Fire Insurance ("Surety") and ask this Court to defer entry of the order confirming the Debtor's Second Amended Plan of Liquidation as modified ("Plan"). For substantially the same reasons as set forth in Travelers' Response to the Surety's Letter [Docket 227] ("Response"), the Dawsons' request to interfere with confirmation of the Debtor's Plan should be denied in all respects, as untimely and spurious.

  Like the Surety, the Dawsons object to the confirmation of the Plan because they assert (for the first time in the Debtor's bankruptcy case) that they have an interest in the insurance proceeds of the Debtor's commercial insurance Policies[1] (the Dawsons focus on the Policy issued by Lexington Insurance Company).

---

[1] Capitalized terms not otherwise defined have the meanings ascribed to them in the Response, to which the Superdome Plaintiffs respectfully direct the Court.

The Dawsons' Objection is Untimely

Where have the Dawsons (and the Surety) been during this entire bankruptcy case?

As recounted in the Response, over two years ago, this Court issued the Lift Stay Order terminating and modifying the automatic stay to "permit the [Superdome Litigation] to continue, to establish liability regarding certain Claims, and to satisfy the liability from the Policies and their proceeds."

All versions of the Debtor's Plan and disclosure statements promulgated since February 2009 have preserved this application of the insurance proceeds to the Superdome Plaintiffs' claims in the bankruptcy case.

All objections to the Debtor's Plan (other than those of the Superdome Plaintiffs, whose rights to object were reserved), were to be raised and heard by the Court on July 22, 2009.  Neither the Surety nor the Dawsons made any objections to the application of the insurance proceeds to the Superdome Plaintiffs' claims.

In an unavailing attempt to excuse their untimeliness, the Dawsons, like the Surety, mistakenly portray the settlement of the Superdome Plaintiffs' objections to the Debtor's Plan.  The Dawsons claim that the settlement provided for the application of the insurance proceeds to the Superdome Plaintiffs' claims and "would exhaust the monies available in Lexington's policy" that would otherwise be available to them for defense and coverage in the Surety's lawsuit against them for indemnification ("NFIC Action"). The Dawsons (as did the Surety) implicitly assert that this application of insurance proceeds arose for the first time with the settlement.

The Dawsons and the Surety are plainly wrong.  As recounted in their Response, the Superdome Plaintiffs' objections to the Plan were resolved by the Debtor's demand on the carriers to settle the Debtor's liability in the Superdome Litigation at the Policies' maximums and the Debtor's assignment of its rights and interests in the Policies.  The Superdome Plaintiffs otherwise accepted the already established treatment of their claims under the Plan, namely, that the insurance proceeds would be applied to their claims.

As noted above, the application of the insurance proceeds to the Superdome Plaintiffs' claims is nothing new—that treatment was set forth in all versions of the Plan and disclosure statements promulgated by the Debtor and to which neither the Dawsons nor the Surety ever objected.  The Plan's proposed application of the insurance proceeds is also consistent with the Lift Stay Order issued over two years ago.

The additional provisions of the "settlement" of the Superdome Plaintiffs' objections (settlement demand and assignment) did not alter or impair the long ago disclosed and approved application of the insurance proceeds to the Superdome

Plaintiffs' claims. The Dawsons and the Surety cannot plausibly claim that resolution of the Superdome Plaintiffs' Plan objections excuse their years'-long silence or their failure to timely object to the Debtor's Plan and its confirmation. Their objections should not be heard now.

The Dawsons' Alleged Interest is Baseless

Further, the Dawsons' alleged interest in the insurance proceeds is baseless. They assert entitlement to "coverage in the NFIC Action" under commercial insurance Policies (typically covering personal injuries, property damages, product claims, and similar risks). They cite no basis for coverage on a contract-based reimbursement obligation owed to the Surety under a general indemnity agreement.

As set forth in the Response, the Dawsons' position (like that of the Surety) is absurd.

We also note that the NFIC Action was commenced on April 6, 2009 and the Dawsons "thereafter submitted a claim under the Lexington's policy for coverage …." Dawson Letter at p. 2. The Court should inquire of Dawsons when they submitted this claim and whether the carrier has acknowledged coverage or is providing a defense. In addition, the Dawsons did not seek relief from the automatic stay before making a claim against the insurance proceeds.

The Dawsons' Alleged Ownership Interests (if any) are not Impaired

Finally, the Dawsons also object to the assignment of the Debtor's rights under the policy issued by Lexington. The Dawsons objection is based on a mistaken portrayal of the facts and should be overruled.

As part of the settlement of the Superdome Plaintiffs' Plan objections, the Debtor agreed to assign _its_ right, title, and interest in the Policies. This assignment is consistent with the application of the insurance proceeds to the Superdome Plaintiffs' claims under the Plan and the Lift Stay Order.

The Dawsons inaccurately claim that they are co-owners of the Policy issued by Lexington and that the Debtor "has no right to assign what it does not own." In fact, the policyholder of the Lexington Policy is the Debtor; the Dawsons are additional named insureds under the Policy, not "owners." Further, the assignment by the Debtor is of the Debtor's rights, title, and interest in the Policies. It does not address or purport to assign the ownership rights (if any) of the Dawsons or others.

To the extent the Dawsons otherwise object to the settlement of the Superdome Litigation itself, the proper forum to raise such objections or concerns is the New Orleans Civil District Court where the Superdome Litigation is pending, not this Court.

       \*    \*    \*    \*

  Accordingly, for the reasons set forth above and in the Response, the Superdome Plaintiffs respectfully request that this Court (a) disregard or otherwise overrule the Dawsons' attempt to disrupt the orderly administration of this bankruptcy case, (b) enter the order confirming the Debtor's Plan (which Debtor's counsel is preparing and will submit), and (c) grant such other and further relief as this Court deems necessary and proper.

  Thank you for your consideration of this matter.

                Respectfully submitted,

                /s/Eric G. Waxman III
                Eric G. Waxman III
                Bar No.513118

cc: (by ECF and email)

  Richard H. Weiskopf, Esq., Attorneys for the Debtor
  Kevin Purcell, Esq., Office of the U.S. Trustee
  Paula M. Barbaruolo, Esq., Attorneys for the Surety
  Harold D. Gordon, Esq., Attorneys for the Dawsons

00245516