RECEIVED & FILED

NOV 0 3 2009

OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY



RECEIVED
NOV 0 2 2009
OFFICE OF THE BANKRUPTCY JUDGE
ALBANY, NY

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF NEW YORK

In re:

HORIZON GROUP OF NEW ENGLAND, INC.,

Debtor.

Bk. No. 07-11394

Chapter 11

## STIPULATION AND CONSENT ORDER ALLOWING DISBURSEMENT OF SETTLEMENT PROCEEDS

This Stipulation and Consent Order ("Consent Order") is made and entered into by and between Atlantic Mutual Insurance Company ("AMI") by and through its undersigned counsel, Wolff & Samson PC, Travelers Casualty and Surety Company of America and St. Paul Fire & Marine Insurance Company (hereinafter collectively "St. Paul"), by and through its undersigned counsel, Dreifuss Bonacci & Parker, LLP, Horizon Group of New England, Inc. by and through its undersigned counsel, O'Connell & Aronowitz, PC and Georgoulis & Associates PLLC, and the Court appointed Liquidation Trustee, Marc S. Ehrlich.

### RECITALS

**WHEREAS**, AMI executed numerous payment bonds, pre-petition, on behalf of the Debtor, Horizon Group of New England, Inc. (the "Debtor"), including, but not limited to, the following:

Project: Camden School District General Construction at Summer Elementary School, Fetters Alternative School, Broadway Elementary School, South Camden Alternative School and Wiggins Elementary School
Contract No.: HS-0081-CO2
Bond No.: 447-410609
Penal Sum: $2,857,000.00
Obligee: New Jersey Economic Development Authority

Project: Camden School District General Construction
Contract No: HS-0084-C03
Bond No. 447-410610

| | |
|---|---|
| Penal Sum: | $1,583,000.00 |
| Obligee: | New Jersey Economic Development Authority |
| Project: | Millville School District General Construction |
| Contract No.: | HS-0111-C04 |
| Bond No.: | 447-410613 |
| Penal Sum: | $964,000.00 |
| Obligee: | New Jersey Economic Development Authority |
| Project: | Elizabeth School District General Construction Fire Alarm System |
| Contract No.: | EL-0024-001 |
| Bond No.: | 447-410614 |
| Penal Sum: | $1,038,830.00 |
| Obligee: | New Jersey Economic Development Authority |
| Project: | Burlington Health & Safety (hereinafter collectively referred to as the "Bonded Projects") |
| Contract No.: | HS-0060-C02 (hereinafter collective referred to as the "Bonded Contracts") |
| Bond No.: | 447-410615 |
| Penal Sum: | $7,126,131.00 |
| Obligee: | New Jersey Economic Development Authority; and |

WHEREAS, St. Paul executed numerous payment bonds, pre-petition, on behalf of the Debtor, Horizon Group of New England, Inc. (the "Debtor"), including, but not limited to, the New Harrison High School and Athletic Field Site Work in Harrison, New Jersey ("Harrison Project"), and the New Field at the Jose Marti Middle School Project ("Jose Marti Project"); and

WHEREAS, AMI has incurred losses totaling $487,127.54 as a result of having satisfied claims asserted under the above-listed payment bonds; and

WHEREAS, St. Paul has incurred losses to date totaling $2,249,398.97 as a result of having satisfied claims asserted on bonds issued on behalf of the Debtor; and

WHEREAS, no party hereto disputes that AMI is equitably subrogated to the retainage and other contract funds due the Debtor under the Bonded Contracts on account of AMI having satisfied claims asserted under the above-listed payment bonds up to $487,127.54; and

**WHEREAS,** no party hereto disputes that St. Paul is equitably subrogated to the retainage and other contract funds due the Debtor under the contracts that it bonded on account of St. Paul having satisfied claims asserted under the its bonds; and

**WHEREAS,** on or about October 3, 2006, the Debtor assigned, pre-petition, to St. Paul all of its contract receivables on any New Jersey School Development Authority; and

**WHEREAS,** on July 13, 2007, the Bankruptcy Court approved a financing agreement providing St. Paul with priority with respect to any contract receivables to offset its losses; and

**WHEREAS,** no party hereto disputes that the trust fund obligations imposed by *N.J.S.A.* § 2A:44-148 are applicable to the payments made by AMI and St. Paul and the trust created in favor of AMI under a certain General Agreement of Indemnity executed by, among others, the Debtor in favor of AMI on March 27, 2002 (the "GAI") and the trust created in favor of St. Paul under a General Agreement of Indemnity ("Agreement of Indemnity") executed by, among others, the Debtor in favor of St. Paul on February 8, 2005; and

**WHEREAS,** St. Paul, the Debtor, the New Jersey Schools Development Authority, Bovis Lend Lease, Inc. and Imperial Construction Group, Inc. entered into a certain Stipulation of Settlement, and Consent Order, Release, and Stipulation of Dismissal ("Settlement Agreement") in order to settle claims asserted against one another in a matter entitled *"Horizon Group of New England v. New Jersey Schools Construction Corporation n/k/a New Jersey Schools Development Authority, Imperial Construction Group, Inc./Bovis Lend Lease, Inc., EI Associates, and GZA Geoenvironmental, Inc."* and a related third-party action entitled *"New Jersey Schools Development Authority v. St. Paul Fire and Marine Insurance Company"* both matters pending in the Superior Court of New Jersey, Hudson County under docket number HUD-L-4537-07; and

**WHEREAS,** the Settlement Agreement provides, among other things, that the New Jersey Schools Development Authority ("SDA") shall pay the sum of $400,000 in settlement of

the Debtor's claims for retainage and other contract funds against the SDA in connection with, among others, the Bonded Contracts; and

**WHEREAS**, the Settlement Agreement provides, among other things, that the New Jersey Schools Development Authority ("SDA") shall pay the sum of $2,000,000 in settlement of the Debtor's claims for retainage and other contract funds against the SDA in connection with the Harrison Project; and

**WHEREAS**, the Settlement Agreement provides, among other things, that the New Jersey Schools Development Authority ("SDA") shall pay the sum of $100,000 in settlement of the Debtor's claims for retainage and other contract funds against the SDA in connection with the Jose Marti Project; and

**WHEREAS**, the Settlement Agreement provides, among other things, that Imperial Construction Group, Inc. and Bovis Lend Lease, Inc shall pay the sum of $137,000.00 in settlement of the Debtor's claims against them on the Harrison Project; and

**WHEREAS**, the Debtor has filed a Motion to Settle in which the Debtor seeks Court approval of the Settlement Agreement, which Motion to Settle is returnable on October 28, 2009 ("Motion to Settle"); and

**WHEREAS**, in the interest of avoiding litigation over facts which the parties have no dispute;

**NOW, THEREFORE**, it is on this 28th day of October, 2009, **STIPULATED AND ORDERED**, as follows:

1. The firm of Georgoulis & Associates PLLC, upon its receipt of the settlement proceeds paid by the SDA pursuant to the terms of the Settlement Agreement, or as of the date that this Consent Order is entered if it has already received said settlement proceeds, shall disburse the following amounts:

a. The total sum of $400,000 to AMI in accordance with AMI's right of equitable subrogation, AMI's rights under the trust fund obligations imposed by *N.J.S.A.* § 2A:44-148 and the trust created in favor of AMI under the GAI;

b. The sum of $66,197.86 made payable to Georgoulis & Associates PLLC for costs and disbursements incurred through this date;

c. The total sum of $534,250 to Georgoulis & Associates PLLC as legal fees pursuant to its approved retainer agreement;

d. The sum of $20,000.00 to be held in escrow by Georgoulis & Associates PLLC for future anticipated litigation expenses.

e. The sum total of $1,593,252.20 to St. Paul in accordance with the pre-petition assignment by the Debtor, its rights of equitable subrogation, St. Paul's rights under the trust fund obligations imposed by *N.J.S.A.* § 2A:44-148, the trust created in favor of St. Paul under the Agreement of Indemnity, by prior order of the Bankruptcy Court of July 13, 2007, providing certain priority status and pursuant to the Plan of Reorganization.

2. Nothing in this Consent Order shall be construed to waive or abrogate AMI's rights to seek the balance of $87,127.54 due AMI on account of AMI having satisfied payment bond claims on the Bonded Projects, which rights AMI expressly reserves.

3. Nothing in this Consent Order shall be construed to waive or abrogate St. Paul's rights to seek the balance it is owed on account of St. Paul having satisfied payment and performance bond claims and providing financing to the Debtor, which rights St. Paul expressly reserves

4. Nothing in this Consent Order shall be construed to otherwise waive or abrogate AMI's or St. Paul's rights under the GAI and Agreement of Indemnity, AMI's and St. Paul's right of equitable subrogation, AMI's and St. Paul's rights under the trust fund obligations imposed by *N.J.S.A.* § 2A:44-148 and the trust created in favor of AMI under the GAI and the

trust created in favor of St. Paul under the Agreement of Indemnity, which rights AMI and St. Paul expressly reserves.

5. AMI shall have no other claim to the proceeds of the Settlement Agreement other than the $400,000 provided herein.

6. Each party signing this Consent Order hereby covenants and warrants to the other party that he or she is fully authorized to sign the Consent Order on behalf of the party he or she represents and is fully authorized to bind the party to the terms of this Consent Order.

7. The entry of this Consent Order is expressly conditioned upon the Court's granting the Debtor's Motion to Settle.

8. This Consent Order may be executed in one or more counterparts, each of which shall be an original but all of which shall constitute one and the same agreement.

9. In the event that the Court does not grant the Debtor's Motion to Settle, the terms of this Consent Order shall become null and void.

**Stipulated and Agreed:**

| | |
|---|---|
| **Wolff & Samson PC** | **Dreifuss Bonacci & Parker, LLP** |
| _____ | _____ |
| Steven S. Katz, Esq. | David C. Dreifuss, Esq. |
| Attorneys for Atlantic Mutual Insurance Company | Attorneys for St. Paul Fire and Marine Insurance Company |
| | |
| **Georgoulis & Associates, PLLC** | **O'Connell & Aronowitz, PC** |
| _____ | _____ |
| Chris Georgoulis, Esq. | Richard H. Weiskopf, Esq. |
| Special Counsel for Horizon Group of New England, Inc. | Attorneys for Horizon Group of New England, Inc. |

trust created in favor of St. Paul under the Agreement of Indemnity, which rights AMI and St. Paul expressly reserves.

5. AMI shall have no other claim to the proceeds of the Settlement Agreement other than the $400,000 provided herein.

6. Each party signing this Consent Order hereby covenants and warrants to the other party that he or she is fully authorized to sign the Consent Order on behalf of the party he or she represents and is fully authorized to bind the party to the terms of this Consent Order.

7. The entry of this Consent Order is expressly conditioned upon the Court's granting the Debtor's Motion to Settle.

8. This Consent Order may be executed in one or more counterparts, each of which shall be an original but all of which shall constitute one and the same agreement.

9. In the event that the Court does not grant the Debtor's Motion to Settle, the terms of this Consent Order shall become null and void.

**Stipulated and Agreed:**

Wolff & Samson PC

_____
Steven S. Katz, Esq.
Attorneys for Atlantic Mutual Insurance Company

Dreifuss Bonacci & Parker, LLP

_____
David C. Dreifuss, Esq.
Attorneys for St. Paul Fire and Marine Insurance Company

Georgoulis & Associates, PLLC

_____
Chris Georgoulis, Esq.
Special Counsel for Horizon Group of New England, Inc.

O'Connell & Aronowitz, PC

_____
Richard H. Weiskopf, Esq.
Attorneys for Horizon Group of New England, Inc.

trust created in favor of St. Paul under the Agreement of Indemnity, which rights AMI and St. Paul expressly reserves.

5. AMI shall have no other claim to the proceeds of the Settlement Agreement other than the $400,000 provided herein.

6. Each party signing this Consent Order hereby covenants and warrants to the other party that he or she is fully authorized to sign the Consent Order on behalf of the party he or she represents and is fully authorized to bind the party to the terms of this Consent Order.

7. The entry of this Consent Order is expressly conditioned upon the Court's granting the Debtor's Motion to Settle.

8. This Consent Order may be executed in one or more counterparts, each of which shall be an original but all of which shall constitute one and the same agreement.

9. In the event that the Court does not grant the Debtor's Motion to Settle, the terms of this Consent Order shall become null and void.

**Stipulated and Agreed:**

**Wolff & Samson PC**

_____
Steven S. Katz, Esq.
Attorneys for Atlantic Mutual Insurance Company

**Dreifuss Bonacci & Parker, LLP**

_____
David C. Dreifuss, Esq.
Attorneys for St. Paul Fire and Marine Insurance Company

**Georgoulis & Associates, PLLC**

_____
Chris Georgoulis, Esq.
Special Counsel for Horizon Group of New England, Inc.

**O'Connell & Aronowitz, PC**

_____
Richard H. Weiskopf, Esq.
Attorneys for Horizon Group of New England, Inc.

_____
Marc S. Ehrlich, Esq.
Liquidation Trustee

SO ORDERED:

_____ 11/03/09
HON. ROBERT E. LITTLEFIELD, JR.
United States Bankruptcy Judge

**RECEIVED & FILED**

NOV 0 3 2009

OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY