**RECEIVED & FILED**

DEC 7 2009

OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

IN RE:

HORIZON GROUP OF NEW ENGLAND, INC.,

Debtor.

Bk. No. 07-11394

Chapter 11

## ORDER CONFIRMING PLAN

### Recitals

**July Confirmation Hearing; No Objections**

A. This Court entered an Amended Order dated June 9, 2009 approving the Second Amended Disclosure Statement dated May 20, 2009 ("Disclosure Statement") filed by Horizon Group of New England, Inc. ("Debtor") and establishing a hearing to be held on July 22, 2009 on the confirmation of the Debtor's Second Amended Plan filed on June 10, 2009 ("Plan").

B. The Disclosure Statement and Plan were transmitted to holders of claims and interests. After due and sufficient notice, the confirmation hearing was held on July 22, 2009. No objections were filed to the confirmation of the Plan. The confirmation hearing was continued to September 23, 2009 solely for the potential objections of the Office of the United States Trustee and Travelers Property Casualty Co. of American and Travelers Excess and Surplus Lines Co. (together,

"Travelers"), members of Class 6 under the Plan, whose rights to object were preserved.

**Treatment of Class 6 Claims Under the Plan Prior to Modifications**

C. Class 6 comprises the claims of the State of Louisiana, Louisiana Stadium & Exposition District, Travelers Property Casualty Company of America (as subrogee to the rights of the New Orleans Louisiana Saints, LLC), Travelers Excess and Surplus Lines Company (as subrogee to the rights of SMG Partnership), and SMG Partnership, Plaintiffs ("Superdome Plaintiffs"), in the action styled *Louisiana Stadium & Exposition District, et al., v. BFS Diversified Products, LLC, et al.*, Civil District Court, Docket No. 2006-8927, Parish of Orleans, State of Louisiana ("Superdome Litigation").

D. Defendants in the Superdome Litigation include the Debtor and National Fire Insurance Company of Hartford ("Surety"), issuer of the Payment and Performance Bond No. 929108218 ("Bond"). The Debtor's liability is also covered under liability insurance policies, nos. 0743506 and 9745573 ("Policies") issued by, respectively, Lexington Insurance Company and American International Specialty Lines Insurance Company ("Carriers") and one or more of the Carriers are providing a defense to the Debtor in the Superdome Litigation.

E. Pursuant to Travelers' July 20, 2007 motion for automatic stay relief, the Court issued an Order dated August 8, 2007 ("Stay Order"), providing that "the automatic stay ... is terminated or modified [to] permit the [Superdome Litigation] to continue, to establish the Debtor's liability regarding certain Claims, and to satisfy the liability from the Policies and their proceeds." [As set forth in the Motion, relief from the automatic stay is not required to pursue claims against the Bond.]

F. Under the Plan (and all prior versions of the Plan), insurance proceeds of the Policies are to be applied to Class 6 Claims The Plan also provides a reservation of rights (as set forth in the

Disclosure Statement, which is made part of the Plan by reference and incorporation; Plan § 8.04) providing, among other things, that nothing in the Plan or confirmation order will diminish or impair the Superdome Plaintiffs' rights and remedies in the Superdome Litigation, including the continuation of the Superdome Litigation, establish the Debtor's liability, and satisfy the liability from insurance policies and their proceeds and bonds and their proceeds, or any other non-bankruptcy estate sources. Disclosure Statement at pp. 14-15.

**Settlement and Modification of Plan**

G. Pursuant to the Response of Travelers filed on September 16, 2009, Travelers advised the Court that Travelers and the Debtor resolved Travelers' objections to confirmation of the Plan:

> Travelers and the Debtor reached an agreement resolving their dispute through, among other things, an agreed modification of the Plan and assignment of certain insurance policies, to be submitted to the Court for approval as part of the confirmation process. The proposed modification will not have any material affect on, or diminish any return to, any of the other creditors of the Debtor's estate. Further, the Office of the United States Trustee has been advised of the settlement and its terms.

H. Under the agreement, holders of Class 6 Claims would still recover from the proceeds of the Policies. At the September 23, 2009 conference, the Debtor's counsel advised the Court that the Debtor and Travelers agreed that (i) the Debtor would submit a demand on the Carriers to settle the Superdome Litigation at their respective policy limits; (ii) the Debtor would request that the Carriers consent to the assignment of the Policies to the Superdome Plaintiffs; and (iii) the Debtor will assign to the Superdome Plaintiffs all of the Debtor's right, title, and interest in the Policies (together, "Modifications").

I. The Debtor's counsel advised the Court that the Modifications do not change the treatment of any claim or interest under the Plan and do not affect the amount of any distribution to

- 3 -

holders of such claims or interests. The Modifications did not alter the continued application of proceeds of the Policies to the Class 6 Claims.

J. At the conclusion of the September 23, 2009 conference, the Court directed the submission of a confirmation order.

Upon the foregoing and all matters had before this Court in this bankruptcy case, and after due deliberation, this Court hereby finds and determines as follows:

## FINDINGS AND CONCLUSIONS

1. The foregoing Recitals are hereby incorporated by reference.

2. The Plan complies with the applicable provisions of chapter 11 of title 11 of the United States Code ("<u>Bankruptcy Code</u>").

3. The proponent of the Plan complies with the applicable provisions of the Bankruptcy Code.

4. The Plan has been proposed in good faith and not by any means forbidden by law.

5. Any payment made or promised by the proponent, by the debtor, or by any person issuing securities or acquiring property under the plan, for services or for costs and expenses in, or in connection with, the case, or in connection with the plan and incident to the case, have been disclosed to the court.

6. With respect to each class:

   A. Each holder of a claim or interest of such class has accepted the plan; or will receive or retain under the plan on account of such claim or interest, property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7; or

   B. If section 1111(b)(2) of the Bankruptcy Code applies to the claims of such class, each holder of a claim of such class will receive or retain under the plan on account of such claim property of a value, as of the effective date of the plan, that is not less than the value of such creditor's interest in the estate's interest in the property that secures such claims.

7. With respect to each class, such class has accepted the plan, or such class is not impaired under the Plan.

-4-

8. Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that

    A. With respect to a claim of a kind specified in sections 507(a)(2) or 507(a)(3) of the Bankruptcy Code, on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim;

    B. With respect to a class of claims of a kind specified in sections 507(a)(4), 507(a)(5), 507(a)(6), or 507(a)(7) of the Bankruptcy Code, each holder of a claim of such class will receive, deferred cash payments of a value, as of the effective date of the plan, equal to the allowed amount of such claim; and

    C. With respect to a claim of a kind specified in section 507(a)(8) of the Bankruptcy Code, the holder of such claim will receive on account of such claim deferred cash payments, over a period not exceeding 5 years after the date of assessment of such claim, of a value, as of the effective date of the plan, equal to the allowed amount of such claim.

9. At least one class of claims has accepted the plan, determined without including any acceptance of the plan by an insider holding a claim of such class.

10. Confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan.

11. Regarding Class 6 Claims, pursuant to the Plan and Disclosure Statement and consistent with the Stay Order, the Superdome Plaintiffs are permitted to retain their respective claims against the Debtor in the Superdome Litigation to conclusion, whether by final judgment or settlement. The Superdome Plaintiffs' claims will be satisfied from the proceeds of the Policies, the Bond, or any other non-bankruptcy estate source of payment.

12. Regarding the Modifications, the Modifications do not change the treatment of any claim or interest under the Plan, adversely or otherwise, and do not affect the amount of any distribution to holders of such claims or interests. Approval of the Modifications is in the best interests of the Debtor's creditors, interest holders, and its estate.

13. Accordingly, then Modifications are approved and the Plan as modified continues to satisfy the requirements of sections 1122 and 1123 of the Bankruptcy Code and complies with section 1127(a) of the Bankruptcy Code and Bankruptcy Rule 3019.

Based upon the foregoing Findings and Conclusions, which Findings and Conclusions are hereby So Ordered,

**IT IS ORDERED** that the Plan filed by the Debtor, a copy of which Plan is attached to this Order, together with the Modifications, is confirmed as modified; and it is further

**ORDERED** that the Debtor is authorized and directed to assign, convey and transfer to the Superdome Plaintiffs any and all right, title and interest of any kind or description which the Debtor has or may have in and to the Policies, together with any claims, demands and causes of action which the Debtor has or may have, now or in the future, whether known or unknown, and which in any way relates to the Policies. The assignment ordered hereby is limited to the right, title, interest, claims, demands and causes of action of the Debtor in and to the Policies, and neither the assignment nor this confirmation order affects any right, title and interest, claims, demands or causes of action, including the Superdome Litigation, of any other person or entity, including National Fire Insurance Company; and it is further

**ORDERED** that the Debtor is authorized and directed to take such other acts and execute and deliver such documents and instruments as are necessary to consummate the Plan, as modified, including executing and delivering an assignment consistent with the Modifications and the immediately preceding "Ordered" paragraph; and it is further

**ORDERED** that, if any provision of this Order is inconsistent with any provision of the Plan, this Order will govern and it is further

ORDERED, that the Debtor and Debtor's attorney appear before the court on May 26, 2010, at 10:30 A.M. and show cause why the report of substantial consummation and motion for final decree have not been filed with the court and it is further

ORDERED that the Debtor shall continue to make timely payments to the United States Trustee pursuant to 28 U.S.C. §1930(a)(6) for all periods up to the date the case is converted, dismissed, or closed by Court Order, and the Debtor shall provide an appropriate affidavit indication the cash disbursements for each subsequent calendar quarters within thirty (30) days following the end of the quarter until the case is converted, dismissed, or closed by Court Order.

Dated: DEC - 7 2009

Hon. Robert E. Littlefield, Jr.
Chief U.S. Bankruptcy Judge